**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROY L. GODDARD,**

        **Plaintiff,**

vs.                                          Case No. 8:04-cv-810-T-MSS

**JO ANNE B. BARNHART, COMMISSIONER**
**OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits and supplemental security income under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff applied for disability insurance benefits on April 4, 2002. (T. 11). Plaintiff alleged an onset of disability beginning on April 8, 2001, due to a lumbar spine injury.

---

[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (c) and the district court has referred the matter for final disposition.

1

(T. 11).  His claim was denied initially and on reconsideration, and a request for hearing was timely filed.  (T. 11).  A hearing was held on August 25, 2003 (the "ALJ Hearing"), and Plaintiff's claim was denied by the ALJ in a September 23, 2003, decision ("ALJ Decision").  (T. 11-20).  On February 20, 2004, the Appeals Council denied review of the ALJ Decision, making it the final decision of the Commissioner.  (T. 4-6).  On April 14, 2004, Plaintiff filed this action for review.

      B.      **Medical History and Findings Summary**

Plaintiff was fifty-three years old at the time of the ALJ Hearing.  (T. 8).  He has a high school education and past work experience in distribution.  (T. 11, 56, 61, 68). Plaintiff's relevant medical history is set forth in the ALJ Decision. In summary, Plaintiff sustained a back injury while working as a "Freight Identifier" in a Wal-Mart distribution center.  Specifically, Plaintiff had been attempting to lift an eighty (80) pound pallet when he slipped in a puddle of water and injured his back (T. 177-78).  Plaintiff claims that he has experienced continuing back pain since he was injured.

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff had lumbar disc disease and scoliosis, impairments that were severe, but not ones that "met or medically equaled" those listed in Appendix 1, Subpart P, Regulations No. 4. (T. 15, 18-19, Findings Nos. 3 and 4).  The ALJ further determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work.  (T. 17, 19, Findings Nos. 7, 12). The ALJ ultimately found that, although Plaintiff could not perform his past relevant work, reference to the Medical-Vocational Guidelines indicated that Plaintiff was not disabled. (T. 17-18, 19, Findings Nos. 8, 13, 14).  The Appeals Council noted that it had accepted the additional medical evidence from Dr. Allam Reheen, including records

from Plaintiff's office visit of August 26, 2003, one day after the ALJ Hearing, that Plaintiff had submitted for consideration, which was identified as "Exhibit AC-1." (T. 6A).

## II.     STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather, the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Against this standard, Plaintiff asserts two points of error: (1) that the ALJ failed to consider whether psychological issues contributed to Plaintiff's pain and failed to develop the record regarding the issue of a "somatic pain dysfunction" (Pl. Br. at 9); and, (2) that the ALJ improperly relied upon the Medical-Vocational Guidelines to

determine that Plaintiff was "not disabled." (Pl. Br. at 10). Each assertion is addressed in turn.

For the reasons that follow, the Undersigned **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

### III.   DISCUSSION

**A.   Whether the ALJ Failed to Consider Whether Psychological Issues Contributed to Plaintiff's Pain and Failed Properly to Develop the Record Regarding the Issue of Somatic Pain Dysfunction**

Plaintiff asserts that the ALJ Decision fails to make any reference to the psychological condition of "somatic pain dysfunction," which was "repeatedly noted by Dr. Barry Galbraith," who assessed a "somatic dysfunction, lumbar region #739.3." (Pl. Br. at 9 (citing to T.101-109)). Thus, Plaintiff contends that the ALJ failed to develop Plaintiff's record "in any respect concerning the possibility that Mr. Goddard suffers from a somatic pain dysfunction." (Pl. Br. at 9). The Plaintiff further complains that "[n]o Psychiatric Review Technique or other psychological assessment was completed at any time during the administrative review of Mr. Goddard's disability claim." (Pl. Br. at 9).

Defendant responds that Dr. Galbraith's notes only state "somatic dysfunction" not "somatic pain dysfunction" but regardless of the name given 1) the medical evidence submitted undermines Plaintiff's subjective complaints of pain; 2) Plaintiff failed to meet his burden to provide medical evidence showing that he is disabled; and 3) a consultative examination was not warranted in this case.

It is the claimant's burden to provide medical evidence showing that he is disabled. 20 C.F.R. § 416.912(c). Nevertheless, the ALJ has the burden of developing a full and fair record. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). The regulations provide that

4

the ALJ <u>may</u> order a consultative examination. 20 C.F.R. §§ 416.912(f) and 416.917 (emphasis added). A consultative examination is not always required in order for the ALJ to satisfy her duty to fully and fairly develop the record; however, it may be required in order for the ALJ to render an informed decision if the record establishes that such an examination is necessary. <u>Reeves v. Heckler</u>, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted); <u>Pearson v. Bowen</u>, 866 F.2d 809 (5th Cir. 1989). It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for her to make an informed decision. <u>Holladay v. Bowen</u>, 848 F.2d 1206, 1209 (11th Cir. 1988). Prior to an ALJ's ordering a consultative examination, the claimant must first raise the "requisite suspicion" that such an examination is necessary for the ALJ to satisfy her duty of full inquiry. <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1472 (5th Cir. 1989).

As a threshold matter in the case *sub judice*, while both Plaintiff and Defendant turn to this legal analysis and refer to Plaintiff's "somatic pain dysfunction" or "somatic dysfunction," neither defines the term for the Court. "Somatic" is generally defined as "pertaining or characteristic of the soma or body." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 1544 (28th ed. 1994). "Somatic dysfunction," seemingly a term used mostly by osteopathic doctors (and with varying definitions), is defined generally as "impaired or altered function of related components of the somatic (body framework) system; skeletal, arthrodial, and myofacial structures, and related vascular, lymphatic, and neural elements." <u>See, e.g.</u>, JOHN N. HOWELL, SOMATIC DYSFUNCTION AND OMT - A VIEW FROM BASIC SCIENCE 1 (2003), http://www.oucom.ohiou.edu/dbms-witmer/Downloads/Howell_2003-12-16_Som_Dysf%20_OMT.pdf (citing to the Glossary of Osteopathic Terminology, 2001). Some examples of a typical "somatic dysfunction"

5

diagnoses are "restriction of motion" and "tenderness to palpitation." Id.  It is clear from the above definitions, that the terms "somatic" and "somatic dysfunction" refer to physiological not psychological conditions.

There is a psychological disorder referred to as "somatoform disorder" or "conversion disorder."  This disorder is a psychological or mental disturbance that causes a person to believe that their physical ailments are more serious than the clinical data would suggest.  See Easter v. Bowen, 867 F.2d 1128, 1129 (8th Cir. 1989) (discussing and defining the disorder and citing to the Diagnostic and Statistical Manual of Mental Disorders (Third Edition)).  However, the record is devoid of evidence suggesting that Dr. Galbraith's "repeated references" to "somatic dysfunction" refer to anything other than, in each instance, a physiological diagnosis.  Thus, the record contains no indications of a possible psychological impairment that could account for Plaintiff's allegations.  Even if Dr. Galbraith's "somatic dysfunction" notations were referring to a psychological disorder, the objective and other medical evidence provided did not indicate that Plaintiff's condition caused disabling limitations.

Accordingly, in this case, neither the notations by Dr. Galbraith nor any other evidence indicated that Plaintiff had a mental impairment that warranted such an assessment.  In addition, as Defendant properly points out "Plaintiff did not complain of any mental or psychological concerns in any of the documents he submitted with his claims, nor did he mention any such complaints at his hearing." (Comm. Br. at 11 (citing to T. 54-67, 84-91, 173-204)).  Thus, neither Plaintiff directly, nor the record indirectly, raised the requisite suspicion of a mental impairment necessary to warrant a consultative examination.  Accordingly, Plaintiff is not entitled to any relief on this claim of error.

In this proceeding, the ALJ found that Plaintiff's subjective complaints of pain were not fully credible because the objective and other medical evidence provided did not indicate that Plaintiff's condition caused disabling limitations. In considering Plaintiff's complaints of pain and other subjective symptoms, the ALJ applied the correct legal standard and articulated a basis, in this case several bases, for that finding. Specifically,

1. The ALJ discredited Plaintiff's complaints of pain when viewed in light of the medical findings, notably, the fact that Plaintiff's physicians repeatedly opined, as did Plaintiff himself on one occasion, that Plaintiff could perform at least light work (T. 16-17);

2. The ALJ stated that the examinations and diagnostic findings did not reveal findings indicative of disabling limitations (T.12-17, 95-120, 137-53); and,

3. The ALJ stated that Plaintiff's own testimony that he can cook/prepare meals, take care of his personal needs, do some housework, and perform some yard work/gardening (Ex. 7E) and, the fact that Plaintiff continued to work in his job as a distributor after his alleged onset date (Ex. 5E) undermined his credibility.

The reasons stated by the ALJ are supported by the record. See Allen v. Sullivan, 880 F.2d 1203 (11 th Cir. 1989) (ALJ's rejection of plaintiff's subjective pain complaints not error because the ALJ cited at least three reasons for rejecting plaintiff's testimony).

In addition, the ALJ noted other evidence that undermines Plaintiff's credibility. First, Plaintiff did not seek treatment from his treating physician, Dr. Reheem, between October 2001 and August 2002, a span of nearly eleven months. (T. 16, 139-41). Plaintiff's lengthy period without treatment of note combined with the conservative treatment he did receive militate against a finding that Plaintiff suffered from disabling pain and other symptoms. As such, the ALJ's finding that Plaintiff's allegations of pain and symptomology were not fully credible is supported by substantial evidence.

**B.     Whether the ALJ Improperly Relied on the Medical-Vocational Guidelines to Determine that Mr. Goddard Was Not Disabled, Despite Inadequate Record Development of a Possible Somatic Pain Dysfunction, Which is a Nonexertional Impairment**

Plaintiff finally contends that he had a non-exertional impairment that prevented the ALJ from relying solely on the Medical-Vocational Guidelines or "Grids" to find him not disabled. (Pl. Br. at 10-11). Defendant responds that Plaintiff failed to establish that he had non-exertional limitations that prevented the ALJ from relying on the Grids to find him not disabled. (Comm. Br. at 14). Defendant is correct.

The ALJ may rely exclusively on the Grids when a claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Foote v. Charter, 67 F.3d 1553, 1559 (11th Cir. 1995) (exclusive reliance on the Grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements). Exclusive reliance is not appropriate "when a claimant has a non-exertional impairment that significantly limits basic work skills." Walter v. Bowen, 826 F.2d 996, 1002-3 (11th Cir. 1987).

As discussed above, Plaintiff failed to either argue or show how "somatic pain dysfunction" established any functional limitations on his ability to perform the full range of light work. In addition, substantial evidence existed, including the testimony of Plaintiff's own physicians, to support the ALJ's finding that Plaintiff possessed the RFC to perform light work. As such, the ALJ's use of the Medical-Vocational Guidelines to determine that Plaintiff was not disabled and that other vocational opportunities were available to the claimant was consistent with law and supported by substantial evidence.

**IV.   CONCLUSION**

Accordingly, it is ordered that the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of the Defendant and to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record